[No. 3885.]

## DAVE PIERCE *v.* THE STATE.

MURDER.—INDICTMENT to charge the offense of murder must charge not merely that the accused murdered, but that he *killed* the deceased.

APPEAL from the District Court of Freestone. Tried below before the Hon. L. D. Bradley.

The indictment sought to charge the appellant and one John Shields jointly with the murder of Wade W. Patterson, on the fourth day of January, 1867. The appellant, being alone upon trial, was found guilty of murder in the first degree, and his punishment assessed at a life term in the penitentiary.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, and *Rufus Hardy*, district attorney thirteenth judicial district, for the State.

HURT, JUDGE. This appeal is from a conviction for murder of the the first degree.

The indictment charges that "Dave Pierce did, with malice aforethought, murder Wade Patterson by shooting him, the said Patterson, with a gun." This court, in the case of Strickland v. The State, 19 Texas Court of Appeals, 518, held a similar indictment fatally defective because it did not directly charge that the accused "killed" the deceased. That decision is conclusive of this case.

Because the indictment is insufficient to support a conviction for murder, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*